DIANE C. WEIL
WEIL LAW FIRM
(STATE BAR NO. 102922)
5950 CANOGA AVENUE, SUITE 400
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE: (818) 651-6400
FACSIMILE: (818) 836-5689
EMAIL: dcweil@dcweillaw.com

Attorneys for Defendants and Counter claimants
Robert Mandell and the Mandell Law Firm

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE<br><br>Debtor.<br><br>―――――――――<br><br>ELISSA D. MILLER<br>Chapter 7 Trustee,<br><br>Plaintiff<br>v.<br><br>ROBERT MANDELL, an individual;<br>THE MANDELL LAW FIRM, and<br>ROBERT W. FINNERTY, an individual.<br><br>Defendants.<br>―――――――――<br>ROBERT MANDELL, an individual,<br>and THE MANDELL LAW FIRM<br><br>v.<br><br>ELISSA D. MILLER, solely in her capacity as the Chapter 7 Trustee, and ROBERT W. FINNERTY, an individual | Case No.: 2:20-BK-21022-BR<br><br>Chapter 7<br><br>Adversary Case No.: 2:21-ap-01175-BR<br><br>**ANSWER TO COMPLAINT FOR:**<br><br>**(1) TURNOVER OF PROPERTY OF THE ESTATE UNDER 11 U.S.C. § 542.**<br><br>**(2) DECLARATORY RELIEF.**<br><br>**(3) ACCOUNTING.**<br><br>**(4) CONVERSION; AND**<br><br>**(5) INJUNCTIVE RELIEF**<br><br>**AND**<br><br>**COUNTERCLAIM IN INTERPLEADER** |

COME NOW Defendants Robert Mandell and The Mandell Law Firm and, by way of answer to the Complaint for (1) Turnover of Property of the Estate Under 11 U.S.C. § 542; (2) Declaratory Relief; (3) Accounting; (4) Conversion; and (5) Injunctive Relief filed by Plaintiff, Elissa D. Miller, Chapter 7 Trustee for the bankruptcy estate of Girardi Keese,

1.    Answering Paragraph 1 of the Complaint, the Mandell Defendants admit the allegations contained therein.

2.    Answering Paragraph 2 of the Complaint, the Mandell Defendants admit the allegations contained therein.

3.    Answering Paragraph 3 of the Complaint, the Mandell Defendants admit the allegations contained therein.

4.    Answering Paragraph 4 of the Complaint, the Mandell Defendants admit the allegations contained therein.

5.    Answering Paragraph 5 of the Complaint, the Mandell Defendants admit the allegations contained therein.

6.    Answering Paragraph 6 of the Complaint, the Mandell Defendants admit the allegations contained therein.

7.    Answering Paragraph 7 of the Complaint, the Mandell Defendants admit the allegations contained therein.

8.    Answering Paragraph 8 of the Complaint, the Mandell Defendants admit the allegations contained therein.

9.    Answering Paragraph 9 of the Complaint, the Mandell Defendants admit the allegations contained therein.

10.   Answering Paragraph 10 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 10, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 10.

11.   Answering Paragraph 11 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said

Paragraph 11, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 12, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, the Mandell Defendants admit the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, the Mandell Defendants admit the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, the Mandell Defendants admit the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, the Mandell Defendants admit the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, the Mandell Defendants admit the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, the Mandell Defendants admit the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, the Mandell Defendants admit that the Individual Defendants (as defined in the Complaint) filed a Motion for Determination of Good Faith Settlement but, as to any remaining allegations contained in Paragraph 19, the Mandell Defendants allege that they have insufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 19, and, on that basis, deny, generally and specifically, each and every remaining allegation contained in Paragraph 19.

20. Answering Paragraph 20 of the Complaint, the Mandell Defendants admit the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, the Mandell Defendants admit the allegations contained therein.

Case 2:21-ap-01175-BR    Doc 7    Filed 12/13/21    Entered 12/13/21 20:33:21    Desc
Main Document    Page 4 of 20

22. Answering Paragraph 22 of the Complaint, the Mandell Defendants admit the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, the Mandell Defendants admit that a Motion for Determination of Good Faith Settlement was filed by or on behalf of Donaldson. As to any remaining allegations contained in Paragraph 23, the Mandell Defendants allege that they have insufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 23, and, on that basis, deny, generally and specifically, each and every remaining allegation contained in Paragraph 23.

24. Answering Paragraph 24 of the Complaint, the Mandell Defendants admit the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, the Mandell Defendants deny the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, the Mandell Defendants deny the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, the Mandell Defendants deny the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, the Mandell Defendants deny the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, the Mandell Defendants admit that, on or about February 12, 2019, and after the court in the Exide Action entered an order approving the Individual Defendants' Motion for Determination of Good Faith Settlement, the Vernon Tort Claims Trust disbursed the sum of $4,287,500 via wire to Robert Mandell and/or The Mandell Law Firm for professional fees related to the Exide Action. As to any remaining allegations contained in Paragraph 29, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 29, and, on that basis, deny, generally and specifically, each and every remaining allegation contained in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, the Mandell Defendants admit that, on or about October 9, 2019, and after the court in the Exide Action entered an order approving the Individual Defendants' Motion for Determination of Good Faith Settlement, the Vernon Tort Claims Trust issued a check in the amount of $10,844.12 to Robert Mandell and/or The Mandell Law Firm for professional fees related to the Exide Action. As to any remaining allegations contained in Paragraph 30, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 30, and, on that basis, deny, generally and specifically, each and every remaining allegation contained in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, the Mandell Defendants deny the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, the Mandell Defendants admit the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, the Mandell Defendants admit that a Substitution of Counsel was filed in the Exide Action whereby Robert F. Finnerty was substituted as attorney of record for Jalbert in his capacity as trustee of the Vernon Tort Claims Trust and the plaintiffs in the Excide Action. As to any remaining allegations contained in Paragraph 33, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 33, and, on that basis, deny, generally and specifically, each and every remaining allegation contained in Paragraph 33.

34. Answering Paragraph 34 of the Complaint, the Mandell Defendants admit that a Substitution of Counsel was filed in the Exide Action whereby Robert F. Finnerty was substituted as attorney of record for Jalbert in his capacity as trustee of the Vernon Tort Claims Trust and the plaintiffs in the Excide Action. As to any remaining allegations contained in Paragraph 34, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 34, and, on that basis, deny, generally and specifically, each and every remaining allegation contained in Paragraph 34.

35. Answering Paragraph 35 of the Complaint, the Mandell Defendants admit that the correspondence referred to in Paragraph 35 of the Complaint was sent but lack sufficient information or belief to enable them to admit or deny the veracity of the letter itself. On that basis, the Mandell Defendants deny any remaining allegations contained in Paragraph 35.

36. Answering Paragraph 36 of the Complaint, the Mandell Defendants admit the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, the Mandell Defendants admit that conversations between the Trustee and Robert Mandell took place. As to any remaining allegations contained in Paragraph 37, the Mandell Defendants deny, generally and specifically, each and every such remaining allegation.

38. Answering Paragraph 38 of the Complaint, the Mandell Defendants admit having received correspondence from Trustee's counsel. As to any remaining allegations contained in Paragraph 37, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny such facts as dates, and, on that basis, deny such allegations. Further, the Mandell Defendants deny, generally and specifically, each and every remaining allegation contained in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, the Mandell Defendants admit having received correspondence from Trustee's counsel. Ad to any remaining allegations contained in Paragraph 39, the Mandell Defendants deny such remaining allegations.

40. Answering Paragraph 40 of the Complaint, the Mandell Defendants allege that they have insufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 40, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 40.

41. Answering Paragraph 41 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 41, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 41.

42. Answering Paragraph 42 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 42, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 42.

43. Answering Paragraph 43 of the Complaint, the Mandell Defendants admit that Robert Mandell received a draft stipulation from Trustee's Counsel. As to any remaining allegations contained in Paragraph 43, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny any such remaining allegations contained in Paragraph 43 and, on that basis, deny, generally and specifically, each and every such remaining allegation.

44. Answering Paragraph 44 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 44, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 44.

45. Answering Paragraph 45 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 45, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 45.

46. Answering Paragraph 46 of the Complaint, the Mandell Defendants admit that Robert Mandell received email correspondence from the Trustee. As to any remaining allegations contained in Paragraph 46, the Mandell Defendants deny any such remaining allegations.

47. Answering Paragraph 47 of the Complaint, the Mandell Defendants admit that Robert Mandell received email correspondence from the Trustee. As to any remaining allegations contained in Paragraph 47, the Mandell Defendants deny any such remaining allegations.

48. Answering Paragraph 48 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 48, and, on that basis, deny, generally and specifically, each and every allegation

1  contained in Paragraph 48.

2      49. Answering Paragraph 49 of the Complaint, the Mandell Defendants lack
3  sufficient information or belief to enable them to admit or deny the allegations contained in said
4  Paragraph 49, and, on that basis, deny, generally and specifically, each and every allegation
5  contained in Paragraph 49.

6      50. Answering Paragraph 50 of the Complaint, the Mandell Defendants admit the
7  allegations contained therein.

8      51. Answering Paragraph 51 of the Complaint, the Mandell Defendants admit that
9  Robert Mandell has received communications from the Trustee. As to any remaining allegations
10 contained in Paragraph 51, the Mandell Defendants deny any such remaining allegations.

11     52. Answering Paragraph 52 of the Complaint, the Mandell Defendants lack
12 sufficient information or belief to enable them to admit or deny the allegations contained in said
13 Paragraph 52, and, on that basis, deny, generally and specifically, each and every allegation
14 contained in Paragraph 52.

15     53. Answering Paragraph 53 of the Complaint, the Mandell Defendants lack
16 sufficient information or belief to enable them to admit or deny the allegations contained in said
17 Paragraph 53, and, on that basis, deny, generally and specifically, each and every allegation
18 contained in Paragraph 53.

19     54. Answering Paragraph 54 of the Complaint, the Mandell Defendants hereby repeat
20 and reallege the allegations contained in Paragraphs 1-53, inclusive, of this Answer as though set
21 forth fully at this place.

22     55. Answering Paragraph 55 of the Complaint, the Mandell Defendants lack
23 sufficient information or belief to enable them to admit or deny the allegations contained in said
24 Paragraph 55, and, on that basis, deny, generally and specifically, each and every allegation
25 contained in Paragraph 55.

26     56. Answering Paragraph 56 of the Complaint, the Mandell Defendants lack
27 sufficient information or belief to enable them to admit or deny the allegations contained in said
28 Paragraph 56, and, on that basis, deny, generally and specifically, each and every allegation

contained in Paragraph 56.

57. Answering Paragraph 57 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 57, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 57.

58. Answering Paragraph 58 of the Complaint, the Mandell Defendants hereby repeat and reallege the allegations contained in Paragraphs 1-57, inclusive, of this Answer as though set forth fully herein.

59. Answering Paragraph 59 of the Complaint, the Mandell Defendants admit the allegations contained therein.

60. Answering Paragraph 60 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 60, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 60.

61. Answering Paragraph 61 of the Complaint, the Mandell Defendants hereby repeat and reallege the allegations contained in Paragraphs 1-60, inclusive, of this Answer as though set forth fully at this place

62. Answering Paragraph 62 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 62, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 62.

63. Answering Paragraph 63 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 63, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 63.

64. Answering Paragraph 64 of the Complaint, the Mandell Defendants hereby repeat and reallege the allegations contained in Paragraphs 1-63, inclusive, of this Answer as though set forth fully at this place.

65.    Answering Paragraph 65 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 65, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 65.

66.    Answering Paragraph 66 of the Complaint, the Mandell Defendants deny the allegations contained therein.

67.    Answering Paragraph 67 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 67, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 67.

68.    Answering Paragraph 68 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 68, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 68.

69.    Answering Paragraph 69 of the Complaint, the Mandell Defendants deny the allegations contained therein.

70.    Answering Paragraph 70 of the Complaint, the Mandell Defendants deny the allegations contained therein.

71.    Answering Paragraph 71 of the Complaint, the Mandell Defendants deny the allegations contained therein.

72.    Answering Paragraph 72 of the Complaint, the Mandell Defendants hereby repeat and reallege the allegations contained in Paragraphs 1-71, inclusive, of this Answer as though set forth fully at this place.

73.    Answering Paragraph 73 of the Complaint, the Mandell Defendants lack sufficient information or belief to enable them to admit or deny the allegations contained in said Paragraph 73, and, on that basis, deny, generally and specifically, each and every allegation contained in Paragraph 73.

74. In all instances, except as expressly admitted herein, the Mandell Defendants deny each and every allegation contained in the Complaint.

**AFFIRMATIVE DEFENSES**

AS FURTHER AND SEPARATE AFFIRMATIVE DEFENSES to each and every Claim for Relief stated in the Complaint, the Mandell Defendants are informed and believe and, on that basis, allege as follows:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State Causes of Action)**

As and for a First and Separate Affirmative Defense to each Claim for Relief in the Complaint, the Mandell Defendants allege that Plaintiff's Complaint and each Claim for Relief contained therein fails to state facts sufficient to constitute a Claim for Relief in that the Mandell Defendants do not assert and never have asserted an interest in the funds which are the subject of the Complaint

**SECOND AFFIRMATIVE DEFENSE**
**(Statutes of Limitation)**

As and for a Second and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, this Mandell Defendants allege that the Complaint and each Claim for Relief contained therein are barred by the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

As and for a Third and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, the Mandell Defendants allege that the Complaint and each Claim for Relief contained therein are barred by the equitable doctrine of laches in that the Plaintiff has unreasonably delayed in filing this Complaint and said unreasonable delay has resulted and will continue to result in the Mandell Defendants suffering damages due to prejudice to defendants.

## FOURTH AFFIRMATIVE DEFENSE
**(Failure to mitigate damages)**

As and for a Fourth and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, the Mandell Defendants allege that Plaintiff has failed to mitigate her damages, if any she has in that Plaintiff has repeatedly failed to seek agreement as to the disposition of the funds with competing claimants.

## FIFTH AFFIRMATIVE DEFENSE
**(Waiver)**

As and for a Fifth and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, the Mandell Defendants allege that the Complaint and each Claim for Relief contained therein are barred by the defense of waiver.

## SIXTH AFFIRMATIVE DEFENSE
**(Alleged false statements were statements of opinion only)**

As and for a Sixth and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, the Mandell Defendants allege that any false statements alleged to have been made by them in the Complaint were statements of opinion only, and thus are not actionable in that Plaintiff is now and has been fully aware that Mandell Defendants have no interest in the disputed funds, that they hold the funds reluctantly and inadvertently in escrow for the competing claimants, including Plaintiff, that is untrue that Mandell Defendants have interfered with anyone's interest or converted the funds, or otherwise have acted improperly in any manner whatsoever.

## SEVENTH AFFIRMATIVE DEFENSE
**(Unjust enrichment)**

As and for a Seventh and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, the Mandell Defendants allege that the Complaint and each and every Claim for Relief contained therein are barred by the defense of unjust enrichment in that Plaintiff would be unjustly enriched if she were to recover any relief requested in the Complaint on the grounds that Plaintiff has used improper tactics and, malicious prosecution for conversion and other methods in order to gain an advantage over judgment lien holders and other rightful

claimants to the disputed funds solely for the purposes of securing Trustee's fees on the same, which fees are not justified under the circumstances.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of standing)

As and for an Eighth and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, the Mandell Defendants allege that the Complaint and each and every Claim for Relief contained therein are barred by the defense of lack of standing in that Plaintiff lacks standing to file the Complaint as she is not the real party in interest in that other claimants perfected their liens against the disputed funds sufficiently in advance of the filing of the bankruptcy petition such as to deprive Plaintiff of any rights thereto.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As and for a Ninth and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, the Mandell Defendants allege that the Complaint and each and every Claim for Relief contained therein are barred by the doctrine of unclean hands in that Plaintiff has used improper tactics and malicious prosecution for conversion and other methods in order to gain an advantage over judgment lien holders and other rightful claimants to the disputed funds solely for the purposes of securing Trustee's fees on the same, which fees are not justified under the circumstances.

## TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

As and for a Tenth and Separate Affirmative Defense to the Complaint and each Claim for Relief contained therein, the Mandell Defendants allege that the Complaint and each and every Claim for Relief contained therein are barred by the doctrine of estoppel in that Plaintiff is estopped from raising any claim against this Mandell Defendants due to the fact that that Plaintiff has used improper tactics, abuse of process and malicious prosecution for conversion and other methods in order to gain an advantage over judgment lien holders and other rightful

claimants to the disputed funds solely for the purposes of securing Trustee's fees on the same, which fees are not justified under the circumstances.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Reservation of right to amend Answer)

The Mandell Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they may have additional, and as yet unstated, affirmative defenses available. As such, the Mandell Defendants reserve the right to seek leave of Court to amend their Answer to assert additional affirmative defenses in the event that discovery reveals facts which render them appropriate.

WHEREFORE, Defendants pray that Plaintiff:

1. Take nothing by her complaint;

2. That said complaint be dismissed against the Mandell Defendants with prejudice;

3. For the attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: December 13, 2021

WEIL LAW FIRM

By: /s/ Diane C. Weil
DIANE C. WEIL, Esq.
Attorneys for defendants
ROBERT J. MANDELL
and THE MANDELL LAW FIRM

## COUNTERCLAIM IN INTERPLEADER

Plaintiffs Robert Mandell and The Mandell Law Firm ("Plaintiffs") hereby allege as follows:

### I
### GENERAL ALLEGATIONS

1. . This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) as this adversary proceeding arises under and is related to a case under Title 11 of the United States Code which is pending in this Court and is a counterclaim to an adversary proceeding pending in this Court.

4. This adversary proceeding is brought pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure ("FRBP").

5. Counterclaimant Robert Mandell is an individual and is one of the defendants in an Adversary Proceeding entitled *Elissa Miller v Robert Mandell, The Mandell Law Firm and Robert W. Finnerty*, presently pending before this Court as Adv. No. 2:21-ap-01175-BR (the "Action").

6. Counterclaimant The Mandell Law Firm is also one of the defendants in the Action.

7. Counterclaimants are informed and believe that Counterclaim Defendant, Elissa Miller is the chapter 7 trustee (the "Trustee") in that certain bankruptcy case entitled *In re Girardi Keese*, presently pending before this Court as Case No. 2:20-bk-21022-BR (the "Bankruptcy Case"). She is sued herein solely in her representative capacity as the Trustee.

15

8. Counterclaimants are informed and believe that Counterclaim Defendant Robert W. Finnerty ("Finnerty") is an individual and one of the defendants in the Action, with a mailing address of 10425 Whipple Street, Toluca Lake, California 91602

## II.

## **THE DISPUTE**

9. Counterclaimants are informed and believe and based thereon allege that the Trustee commenced the Action seeking to recover certain funds presently held in trust by Counterclaimants referred to in the Complaint as the "Exide Fees" on the grounds that some or all of the Excide Fees are property of the bankruptcy estate (the "Estate").

10. The Excide Fees are comprised of the attorneys' fees awarded to multiple counsel for their collective representation of the plaintiffs in major toxic tort litigation. Such counsel included, but is not limited to Counterclaimants, Finnerty and the Debtor.

11. The portions of the Exide Fees allocable to counsel other than the Debtor and Finnerty have been paid, in some instances months before the commencement of the Bankruptcy Case. The balance remaining is $1,876,215.10.

12. The Exide Fees were and are the proceeds of settlements with multiple defendants (in the toxic tort litigation) reached at different times, such that the attorneys' fees were paid at different times and deposited in the trust account of Counterclaimants at different times. The two (2) largest fee awards were paid on February 12, 2019, and on December 21, 2020, the latter after the Debtor had substituted out of the toxic tort litigation and Finnerty had substituted in to replace it.

13. Counterclaimants are informed and believe and based thereon allege that Finnerty claims an interest in the Exide Fees, although Counterclaimants are presently unaware of the precise amount of such claim.

14. Counterclaimants are informed and believe and based thereon allege that there are numerous parties that claim an interest in the Exide Fees by virtue of liens, consensual or nonconsensual, on the assets of the Debtor ("Secured Claims"). While such Secured Claims are

only valid to the extent of the Debtor's interest in the Exide Fees, Counterclaimants have no knowledge regarding the relative validity or priority of such Secured Claims.

15. Counterclaimants having received any and all amounts due to them from the Exide Fees and all referral fees owed by Counterclaimants having been paid, **Counterclaimants have no interest in the remaining Exide Fees.**

16. Counterclaimants are unable to determine the validity of the conflicting claims of the Trustee and Finnerty to the Exide Fees and is unable to distribute the Exide Fees without risking liability to one or the other.

17. Counterclaimants have made both the Trustee and Finnerty aware that the other claims to be the rightful owner of some or all of the Exide Fees and to date, neither has given up their respective claims thereto.

18. The respective claims made by the Trustee and Finnerty are adverse and are made without any collusion by Counterclaimants. Counterclaimants are unable to safely determine which of the conflicting claims is valid.

19. Counterclaimants have incurred attorney's fees as a result of this dispute and the necessity of this interpleader action.

WHEREFORE, Counterclaimants pray that this Court enter judgment against Counterclaim Defendants and each of them, as follows:

1. That Counterclaim Defendants and each of them be ordered to interplead and litigate their respective rights to the Exide Fees;

2. That Counterclaimants be authorized to deposit the Exide Fees in Court pending a resolution of the conflicting claims to the Exide Fees;

3. That Counterclaimants be discharged from any and all liability on account of the claims of each of the Counterclaim Defendants;

4. That Counterclaim Defendants be restrained from prosecution of any action against Counterclaimants regarding their respective claims to the Exide Fees;

5. That Counterclaimants be awarded costs and reasonable attorneys' fees to be determined by the Court and paid directly out of the Exide Fees prior to the deposit thereof with the Court; and

6. For such other and further relief as this Court deems just and proper.

Dated: December 13, 2021

WEIL LAW FIRM

By: /s/ Diane C. Weil
DIANE C. WEIL, Esq.
Attorneys for defendants
ROBERT J. MANDELL
and THE MANDELL LAW FIRM

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5950 Canoga Avenue, Suite 400, Woodland Hills California 91367

A true and correct copy of the foregoing document entitled (specify): ___Answer to Complaint for: (1) Turnover of Property of the Estate: (2) Declaratory Relief; (3) Accounting; et all and Counterclaim in Interpleader_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____12/13/21____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- Kyra E Andrassy kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;
gcruz@swelawfirm.com;
jchung@swelawfirm.com –
Timothy W Evanston  tevanston@swelawfirm.com,
gcruz@swelawfirm.com;
lgarrett@swelawfirm.com;
jchung@swelawfirm.com
- Elissa Miller (TR) CA71@ecfcbis.com,
MillerTrustee@Sulmeyerlaw.com;
C124@ecfcbis.com;
ccaldwell@sulmeyerlaw.com
- Philip E Strok pstrok@swelawfirm.com,
 gcruz@swelawfirm.com;
1garrett@swelawfirm.com;
jchung@swelawfirm.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) __12/13/21_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| The Honorable Barry Russell<br>U.S. Bankruptcy Court<br>Roybal Federal Building<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 | Robert Finnerty<br>10425 Whipple Street<br>Toluca Lake, CA 91602 | Elissa Miller, Trustee<br>333 South Grand Avenue<br>Suite 3400<br>Los Angeles, California 90071 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) __12/13/21_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Robert Finnerty
Email: rfinnerty@actslaw.com; rfinnerty@robertfinnerty.com     Elissa Miller, Trustee
emiller@sulmeyerlaw.com; millertrustee@sulmeyerlaw.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    SIGNATURE ON NEXT PAGE                         F 9013-3.1.PROOF.SERVICE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/13/21 | Diane C. Weil | *[signature: Diane C. Weil]* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    SIGNATURE ON NEXT PAGE    F 9013-3.1.PROOF.SERVICE