1  **SMILEY WANG-EKVALL, LLP**
   Philip E. Strok, State Bar No. 169296
2  *pstrok@swelawfirm.com*
   Kyra E. Andrassy, State Bar No. 207959
3  *kandrassy@swelawfirm.com*
   Timothy W. Evanston, State Bar No. 319342
4  *tevanston@swelawfirm.com*
   3200 Park Center Drive, Suite 250
5  Costa Mesa, California 92626
   Telephone:   714 445-1000
6  Facsimile:   714 445-1002

7  Attorneys for Elissa D. Miller, Chapter 7
   Trustee

8

9                **UNITED STATES BANKRUPTCY COURT**

                 **CENTRAL DISTRICT OF CALIFORNIA**

10                   **LOS ANGELES DIVISION**

11 | In re | Case No. 2:20-bk-21022-BR |
12 | GIRARDI KEESE, | Chapter 7 |
13 | | Adv No. 2:21-ap-01175-BR |
   | Debtor. | |
14 | | **ANSWER TO COUNTERCLAIM IN** |
15 | ELISSA D. MILLER, Chapter 7 Trustee for | **INTERPLEADER OF ROBERT** |
   | the bankruptcy estate of Girardi Keese, | **MANDELL AND THE MANDELL LAW** |
16 | | **FIRM** |
   | Plaintiff, | |
17 | | |
   | v. | |
18 | | |
   | ROBERT MANDELL, an individual; THE | |
19 | MANDELL LAW FIRM, and ROBERT W. | |
   | FINNERTY, an individual, | |
20 | | |
   | Defendants. | |
21

22

23

24

25

26

27

28

2896398.3                         1                              ANSWER

1    Plaintiff Elissa D. Miller, the chapter 7 trustee (the "Trustee" or "Plaintiff"), by and

2  through her counsel, respectfully submits this answer to the Counterclaim in Interpleader

3  [Docket No. 7] (the "Counterclaim")[1] filed by Defendants Robert Mandell and The Mandell

4  Law Firm (collectively, the "Counterclaimants") as follows:

5                                      **GENERAL ALLEGATIONS**

6    1.    The Plaintiff admits the allegations contained in paragraph 1 of the

7  Counterclaim.

8    2.    The Plaintiff admits the allegation contained in paragraph 2 of the

9  Counterclaim that the Counterclaim is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

10  but denies that 28 U.S.C. § 157(b)(2)(B) applies.

11    3.    The Plaintiff admits the allegations contained in paragraph 3 of the

12  Counterclaim.

13    4.    The Plaintiff admits the allegations contained in paragraph 4 of the

14  Counterclaim.

15    5.    The Plaintiff admits the allegations contained in paragraph 5 of the

16  Counterclaim.

17    6.    The Plaintiff admits the allegations contained in paragraph 6 of the

18  Counterclaim.

19    7.    The Plaintiff admits the allegations contained in paragraph 7 of the

20  Counterclaim.

21    8.    The Plaintiff admits the allegations contained in paragraph 8 of the

22  Counterclaim.

23                                      **THE DISPUTE**

24    9.    The Plaintiff denies the allegation that the Exide Fees are "presently held in

25  trust" by the Counterclaimants, but admits that certain funds are in possession of the

26

27  ---
[1]    Any capitalized terms not defined herein shall have the meanings ascribed to them
28  in the Plaintiff's Complaint [Docket No. 1].

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    Counterclaimants.  The Plaintiff admits the remaining allegations contained in paragraph

2    9 of the Counterclaim.

3        10.    Answering paragraph 10 of the Counterclaim, the Plaintiff admits that the

4    Exide Fees are comprised of attorney's fees for representation of the plaintiffs in major

5    toxic tort litigation but asserts that those fees are for the Debtor's representation and

6    therefore denies the remaining allegations contained in paragraph 10 of the

7    Counterclaim.

8        11.    Answering paragraph 11 of the Counterclaim, the Plaintiff lacks sufficient

9    information or belief to determine the truth or validity of the allegations and, on that basis,

10    denies the allegations contained in paragraph 11 of the Counterclaim.

11        12.    The Plaintiff admits that certain fees were paid on February 12, 2019 and

12    on December 21, 2020, but lacks sufficient information or belief to determine the truth or

13    validity of whether these fee awards were the "largest," and on that basis, denies the

14    allegation that the fee awards on February 12, 2019 and December 21, 2020 were the

15    largest.  The Plaintiff admits the remaining allegations contained in Paragraph 12 of the

16    Counterclaim.

17        13.    The Plaintiff admits the allegations contained in paragraph 13 of the

18    Counterclaim.

19        14.    The Plaintiff admits the allegations contained in paragraph 14 of the

20    Counterclaim.

21        15.    The Plaintiff admits that the Counterclaimants have no interest in the

22    remaining Exide Fees.  Answering the remaining allegations contained in paragraph 15 of

23    the Counterclaim, the Plaintiff lacks sufficient information or belief to determine the truth

24    or validity of the allegations and, on that basis, denies the remaining allegations

25    contained in paragraph 15 of the Counterclaim.

26        16.    Answering paragraph 16 of the Counterclaim, the allegations contained in

27    paragraph 16 of the Counterclaim consist of a legal conclusion to which no response is

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  required.  To the extent the Court requires a response, the Plaintiff denies the allegations

2  contained in paragraph 16 of the Counterclaim.

3       17.    The Plaintiff admits the allegations contained in paragraph 17 of the

4  Counterclaim.

5       18.    Answering paragraph 18 of the Counterclaim, the allegations contained in

6  paragraph 18 of the Counterclaim consist of a legal conclusion to which no response is

7  required.  To the extent the Court requires a response, the Plaintiff denies the allegations

8  contained in paragraph 18 of the Counterclaim.

9       19.    Answering paragraph 19 of the Counterclaim, the Plaintiff lacks sufficient

10  information or belief to determine the truth or validity of the allegations and, on that basis,

11  denies the allegations contained in paragraph 19 of the Counterclaim.

12                    **PLAINTIFF'S RESERVATION OF RIGHTS**

13       20.    The Plaintiff contends that the Counterclaim for Interpleader is unnecessary

14  because the Plaintiff has previously (and repeatedly) offered to hold the Exide Fees

15  subject to any and all claims against the Exide Fees until further order of the Court.

16       21.    The Plaintiff contends that the Counterclaimants are not entitled to any

17  costs and attorneys' fees in connection with the Counterclaim.  The Plaintiff further

18  contends that the Counterclaimants should not be discharged from any and all liability on

19  the Trustee's claims in the Complaint, and that the Plaintiff should not be restrained from

20  prosecuting the claims in her Complaint against the Counterclaimants.

21       22.    The Plaintiff reserves the right to add affirmative defenses as they become

22  known through discovery and/or investigation of this matter.

23       WHEREFORE, the Plaintiff prays for relief and judgment against the

24  Counterclaimants as follows:

25       1.    That the Court enter judgment in favor of the Plaintiff on the Counterclaim;

26       2.    That the Counterclaimants take nothing by way of the Counterclaim;

27       3.    That the Plaintiff be awarded attorneys' fees and costs as authorized by

28  law; and

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    4.    For such other and further relief as the Court may deem just and proper.

2

3  DATED:  January 3, 2022              SMILEY WANG-EKVALL, LLP

4

5                                By:    _/s/ Kyra E. Andrassy_____

6                                       KYRA E. ANDRASSY
                                        Attorneys for Elissa D. Miller, Chapter 7
7                                       Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

 A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COUNTERCLAIM IN INTERPLEADER OF ROBERT MANDELL AND THE MANDELL LAW FIRM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>January 3, 2022</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*)  <u>January 3, 2022</u> , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

Robert Finnerty
10425 Whipple Street
Toluca Lake, CA 91602

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| <u>January 3, 2022</u> | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Kyra E Andrassy    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Timothy W Evanston    tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Elissa Miller (TR)    CA71@ecfcbis.com,
  MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Philip E Strok    pstrok@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Diane C Weil    dcweil@dcweillaw.com,
  diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,alopez@dcweillaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**